It was held in Jenkins v. Plombe, 6 Mod., 181, that where an executor sued as such, but might have sued in his own name, he was liable for costs. Sayer's Law of Costs; Atkey v. Heard, Cro. Car., 219. And that was the reason given why counts in such an action could not be joined with counts in an action where an executor could sue only as executor, because it was said he was liable for costs in the first case, but not in the latter (Rogers v. Cooke, 1 Salk., 10; S. c., 1 Show., 366), and because the costs were entire and could not be severed. Betts v. Michell, 10 Mod., 316. The objection, therefore, would not lie against either suit, when brought singly, although in the name of the executor.
In other cases, however, the validity of this objection seems to be impaired, for in Bull v. Palmer, 2 Lev., 165, the plaintiff charged that the defendant covenanted with him as executor, and was nonsuited. It was held that as the action was brought in right of his executorship, and the money, if recovered, would be assets, he should not pay costs. Portman v.Came, Str., 682; Peacock v. Steere, Cro. Car., 29; Mason v. Jackson, 3 Lev., 60.
In another and a later case the question was, not concerning costs, but whether executors to whom a bill of exchange had been endorsed could sue upon it as executors. It was held that they could, because, amongst the reasons, it was said that the money, when recovered, would be considered as assets. King v. Thom, 1 Term, 487.
(211) In a still later case, in an action of trover by an executrix for a conversion in the testator's lifetime, and also for a trover and conversion after his death, on a nonsuit it was held that the plaintiff was not liable for costs. And Buller stated that whether the conversion was before or after, if the goods, when recovered, would be assets in the hands of the executrix, she must sue for them in her representative character. King v. St. Mary, 4 Term, 477.
It was said in Cowell v. Watts, 6 East, 405, that the correct and rational rule is that counts may be joined in which the money, if recovered, will be assets. Petrie v. Hannay, 3 Term, 659.
In the late case of Catherwood v. Chabaud, 8 Eng. C. L., 45, it was held that where a bill of exchange was endorsed generally, but delivered to S.C. as administratrix for a debt due to the intestate, and S.C. died intestate after the bill became due, and before it was paid, the administrator de bonis non could sue upon the bill. The money, in case it had been received by S.C. upon the bill of exchange, would have been assets *Page 181 
of the estate of the intestate. As it was not received, the plaintiffs, the administrators de bonis non, had a right to sue for it.
This last case seems to be decisive of the one before the Court. The note in question was given to Stephen Eure, as administrator of John Tillery. When Stephen Eure died, and letters of administration were granted to the plaintiff, she had a right to institute the present action, according to the principles laid down in the foregoing authorities. Whether the debt was recovered by Stephen Eure, the former administrator, or by the present plaintiff, the administratrix de bonis non, it is assets of the estate of John Tillery. I therefore think the nonsuit should be set aside and a new trial granted.